**Billy Clyde DELONEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–86–00300–CR.**

Court of Appeals of Texas, Dallas.

March 24, 1987.

Discretionary Review Refused Oct. 14, 1987.

Donald C. Adams, Irving, for appellant.

Gilbert P. Howard, Dallas, for appellee.

Before HOWELL, STEWART and JAMES,[1] JJ.

HOWELL, Justice.

Appellant appeals his conviction by a jury of aggravated robbery, a felony. The jury assessed punishment at thirty-six years' confinement. Appellant asserts five points of error that we find to be without merit. Therefore, we affirm the trial court's judgment.

Appellant contends in his first point of error that the trial court erred in denying his motion to set aside the indictment under the Texas Speedy Trial Act ("the Act"). *See* TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1986). We disagree.

The Act mandates that the court "shall grant a motion to set aside an indictment ... if the state is not ready for trial within ... 120 days of the commencement of a criminal action if the defendant is accused of a felony." TEX.CODE CRIM.PROC. ANN. art. 32A.02, § 1 (Vernon Supp.1986).

The record reflects that appellant was indicted on February 4, 1985. The State filed an announcement of ready for trial on February 20, 1985. Appellant was not arrested until December 17, 1985, far more than 120 days after the indictment was filed.

■ Appellant's absence effectively rebutted the State's prima facie showing of readiness because defendant's mere absence does not toll the 120–day limit. *Newton v. State*, 641 S.W.2d 530, 531 (Tex. Crim.App.1982). Therefore, the burden fell upon the State to prove that some statutorily excludable period of delay extended the initial time limit. *Phipps v. State*, 630 S.W.2d 942, 947 (Tex.Crim.App.1982).

The Act provides that the 120–day limit is tolled when a period of delay results from "the absence of the defendant because his location is unknown and ... the state has been unable to determine his location by due diligence." TEX.CODE CRIM. PROC.ANN. art. 32A.02, § 4(4)(B) (Vernon Supp.1986).

■ The trial court found that the State had exercised due diligence in attempting to determine appellant's location. The trial judge is the primary finder of fact on motions such as this and his findings will not be disturbed unless manifestly contrary to the evidence. *See Ordunez v. Bean*, 579 S.W.2d 911, 914 (Tex.Crim.App.1979). The facts in the record support the trial court's finding.

---

1. The Honorable John A. James, Jr., Justice, retired, Court of Appeals, Tenth District of Tex- as at Waco, sitting by assignment.

The robbery in question occurred on January 18, 1985. Appellant was identified and an arrest warrant for appellant issued on January 28, 1985. Officer Prewitt of the Dallas Police Department testified that he received the warrant on the date of its issuance and that he and another officer attempted to execute the warrant by going to appellant's last known address on Gould Street, which was listed on the warrant. A young woman informed the officers that appellant had moved. The officers then questioned some of the neighbors, who told the officers that appellant had left that address after two other officers had been there earlier in the day. None of the neighbors could tell the officers where appellant lived or worked, and appellant did not leave a forwarding address. Officer Prewitt also testified that he checked several other places for appellant without success. He stated that, during January and February 1985, he and three other officers searched for appellant; but, having failed to locate him, the warrant was turned over to the police department's Fugitive Section, which works full-time on warrants, and to the Dallas Sheriff's office.

Officer Deax of the Dallas Sheriff's office testified that he also attempted to execute the warrant at the Gould Street address, but was told that appellant was no longer there. He further stated that he "at larged" the warrant on April 23, 1985, which means that he ceased his attempts to execute the warrant after he exhausted all leads in attempting to arrest appellant.

Officer Smith, who worked in the warrant research section of the Sheriff's office, testified that he received the at-larged warrant in July 1985, when his section of the office was first activated. He attempted to arrest appellant on July 17, 1985, at an apartment on Congress Street, the address on appellant's driver's license. That search was unsuccessful. Appellant's sister lived at that address and told Officer Smith that she had not seen or heard from appellant in quite a while. Officer Smith obtained a subpoena for the telephone company records relating to the sister's telephone, which yielded a lead in Mississippi that ultimately proved to be fruitless.

Officer Wiginton, of the Dallas Police Department, worked in a unit of the department's Fugitive Section that was established in September 1985. He stated that he found a work address and three residential addresses for appellant, based on his research of appellant's traffic tickets. The record does not reflect the dates on which those tickets were issued. The employer at the work address informed him that appellant no longer worked there. He also checked the two residential addresses on Gould and Congress but could not find appellant. He determined that the third residential address belonged to one of appellant's relatives. Wiginton caused another officer to telephone the parties at that address and was informed that appellant was not there but that he worked for a blueprint company in Dallas. Through further research, Officer Wiginton and his partner determined which blueprint company was appellant's employer; they arrested him outside that company's premises on December 17, 1985.

The evidence is sufficient to support the trial court's finding that the State exercised due diligence in attempting to apprehend appellant. *Cf. Garcia v. State*, 696 S.W.2d 262, 266 (Tex.App.—San Antonio 1985, pet. granted) (no due diligence when police made no effort to arrest appellant at address stated in arrest warrant and sheriff made only one such attempt); *Beddoe v. State*, 681 S.W.2d 114, 115 (Tex. App.—Houston [14th Dist.] 1984, pet. granted) (no due diligence when sheriff's department made no attempt to execute appellant's arrest warrant and only action taken was to enter warrant information into crime information computers). Although the officers might well have located appellant sooner, such is not the test. It is undisputed that they were never in possession of appellant's true whereabouts until the day before the arrest. Undoubtedly, the warrant was allowed to lie unattended from time to time while the officers devoted their attention to other offenders. However, the warrant was never ignored for an extended period. We hold the officer's ac-

tions to be sufficient and overrule point one.

Appellant's second contention is that the trial court erroneously permitted the State to bolster the prior unimpeached identification of appellant by two of the State's witnesses. We disagree. The prosecutor elicited testimony from Investigator McNear of the Dallas Police Department that he administered a photo lineup to two eyewitnesses and that they both picked a photo out of the lineup. The prosecutor did not inquire and McNear never stated whether either witness selected *appellant's* photo. Defense counsel's objection, based on improper bolstering, was overruled. Previously, both witnesses made an in-court identification of appellant and testified that they picked appellant's photo out of the photo lineup.

 While a witness who identifies an assailant at the trial may testify that he also made an extrajudicial identification of the assailant, other witnesses may not bolster the witness' unimpeached testimony by corroborating the extrajudicial identification. *Lyons v. State*, 388 S.W.2d 950, 950–51 (Tex.Crim.App.1965). However, Officer McNear's testimony did not corroborate the other two witnesses' extrajudicial identification because he did not verify that they selected appellant's photo out of the lineup; he merely stated that each witness selected one of the photos that comprised the lineup. We hold that such testimony did not violate the rule against bolstering. *See Sanders v. State*, 688 S.W.2d 676, 679 (Tex.App.—Dallas 1985, no pet.); *Hastings v. State*, 641 S.W.2d 332, 334 (Tex.App.— Dallas 1982, pet. ref'd). Appellant's second point of error is overruled.

Appellant next asserts that the trial court erroneously limited his cross-examination of the complainant concerning the complainant's motive for providing testimony. Defense counsel attempted to question the complainant about a picture that had been admitted into evidence and that displayed the injuries that complainant sustained during the robbery. Specifically, defense counsel inquired whether the picture was taken to support a workers' compensa-

tion claim allegedly filed by the complainant. The trial court sustained the prosecutor's objection on relevancy grounds.

 A defendant should be allowed great latitude in showing any fact, including pending charges, that tends to establish bias, ill feeling, motive, or animus on the part of any witness who testifies against him. *Green v. State*, 676 S.W.2d 359, 362 (Tex.Crim.App.1984). The trial court has considerable discretion as to how such matters may be proved and as to what collateral evidence is material for that purpose. *Id.* at 362–63. Generally, a defendant is permitted to show that the complaining witness has brought a civil suit for damages based on the same occurrence for which the defendant is being prosecuted. *Blake v. State*, 365 S.W.2d 795, 796 (Tex.Crim. App.1963); *Branford v. State*, 165 Tex. Cr.R. 314, 306 S.W.2d 725, 726 (1957). However, the cases that have held such evidence to be admissible are limited to those circumstances where the complaining witness brings a collateral civil action against the accused. *See, e.g., Cox v. State*, 523 S.W.2d 695, 700 (Tex.Crim.App. 1975); *Blake*, 365 S.W.2d 795, 796 (Tex. Crim.App.1963); *Branford*, 306 S.W.2d 725, 726 (Tex.Crim.App.1957); *Jolly v. State*, 681 S.W.2d 689, 694 (Tex.App.— Houston [14th Dist.] 1984, pet. granted). In the present case, the complaining witness did not file a civil action against appellant seeking compensation for damages arising from the robbery. He filed a claim for workers' compensation; appellant's guilt or innocence is wholly unrelated to the success of that claim. Therefore, the mere existence of the collateral action did not indicate any improper motive, bias, or prejudice on the part of the complainant in testifying against appellant. The trial court did not abuse its discretion in refusing to permit defense counsel to elicit testimony concerning the complainant's workers' compensation claim. We overrule point three.

 In his fourth point of error, appellant claims that the evidence was insufficient to show that the complainant owned the property taken in the robbery. The

Texas Penal Code includes in the definition of "owner," a person who has a greater right to possession of the property than the person who takes it. TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974). Appellant argues that the complainant, one of the two employees of the store that was robbed, was not the owner of the money taken in the robbery because the other employee was the one who handled the store's cash receipts. However, regardless of the two employees' respective responsibilities, we find that the evidence is sufficient to establish that the complainant, as an employee of the store, had a greater right to possess the store's money than did appellant. *See Coleman v. State,* 699 S.W.2d 598, 598–99 (Tex.App.—Texarkana 1985, no pet.) (complainant employed as cook and waitress at restaurant held to have greater right to possession than defendant even though defendant forced some other employee to empty cash register). We hold that the complainant meets the statutory definition of "owner" and overrule point four.

In his final point of error, appellant asserts that the trial court committed fundamental error when it gave the jury instructions concerning parole laws and good time credits. The basis of this claim is that the statute that mandates such instructions, TEX.CRIM.PROC.CODE ANN. art. 37.07, § 4 (Vernon Supp.1986), is unconstitutional. We have held recently that there are no constitutional infirmities in that statute. *Rose v. State,* 724 S.W.2d 832 (Tex.App.—Dallas 1986, pet. filed); *Joslin v. State,* 722 S.W.2d 725 (Tex.App.—Dallas 1986, pet. granted). Appellant's fifth point is overruled.

We affirm.