**Noah PORRAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–00512–CR.**

Court of Appeals of Texas, Dallas.

June 7, 1993.

Lawrence B. Mitchell, Dallas, for appellant.

April E. Smith, Asst. Dist. Atty., Dallas, for appellee.

Before THOMAS, WHITTINGTON, and WHITHAM[1], JJ.

## OPINION

THOMAS, Justice.

Noah Porras appeals his deferred adjudication and fine for unauthorized use of a vehicle. In a single point of error, Porras complains that the evidence was insufficient to substantiate a finding of guilt. We sustain the point of error, reverse the trial court's judgment, and enter a judgment of acquittal.

## FACTUAL BACKGROUND

On January 19, 1990, Howard W. Hamilton's 1986 Chevrolet Camaro was stolen. Hamilton's insurance company paid him for the loss about three weeks after the theft. On May 12, 1991, a Texas Department of Public Safety trooper stopped Porras because his vehicle did not have a front license plate. An investigation revealed that the Camaro Porras was driving had been stolen. Porras eventually was charged with unauthorized use of a vehicle.

Porras waived his right to a jury and pleaded not guilty. At trial, however, Porras changed his plea to nolo contendere. The trial court found that the evidence substantiated Porras's guilt, deferred further proceedings without entering an adjudication of guilt, placed Porras on five years' probation, and assessed a $100 fine.

## SUFFICIENCY OF THE EVIDENCE

Porras complains the evidence is insufficient to substantiate his guilt of unauthorized use of a vehicle. We agree. The offense of unauthorized use of a vehicle is proscribed by section 31.07(a) of the Texas Penal Code, which provides:

A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

TEX.PENAL CODE ANN. § 31.07(a) (Vernon 1989). Thus, to prove unauthorized use of a vehicle, the State must introduce evidence sufficient to show that a defendant (1) operated a motor-propelled vehicle; (2) knew he was operating the vehicle; and (3) did so without the permission of the owner. *See McQueen v. State*, 781 S.W.2d 600, 602 (Tex.Crim.App.1989).

Porras complains that the State did not carry its burden to prove that Hamilton was the owner of the Camaro on May 12, 1991. *See Abran v. State*, 788 S.W.2d 375, 376 (Tex.App.—Houston [1st Dist.] 1988, no pet.) (holding evidence insufficient to prove element of unauthorized use of vehicle as alleged in indictment, namely, that alleged owner was owner of vehicle). The indictment states that *on or about May 12, 1991*, Porras:

knowingly and intentionally operate[d] a motor-propelled vehicle, namely, an automobile, without the effective consent of *HOWARD HAMILTON, the owner thereof....*

(Emphasis added.)

Section 1.07(a)(24)(A) of the Texas Penal Code defines "owner" as a person who:

has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor....

TEX.PENAL CODE ANN. § 1.07(a)(24)(A) (Vernon Supp.1993). Thus, the State may allege ownership three ways. The State may allege that a person had (1) title to the property; (2) possession; or (3) a greater right to possession than the person charged with unauthorized use of a vehicle. *Cf. Inman v. State*, 650 S.W.2d 417, 419 (Tex. Crim.App.1983) (attempted theft of automobile).

**1.** The Honorable Warren Whitham, Justice, retired, Court of Appeals, Fifth District of Texas at

Dallas, sitting by assignment.

Porras argues that the State did not introduce evidence sufficient to prove Hamilton's ownership in any of the three senses defined in section 1.07(24)(a). Porras contends that on May 12, 1991, Hamilton did not (1) have title to the vehicle; (2) have possession of the Camaro or; (3) have a greater right to possession of the vehicle. The State argues that Hamilton had a greater right to possession than did Porras.[2] The State reaches this conclusion on the basis that Hamilton held title to the Camaro on January 19, 1990. In support of this argument, the State cites *Inman*, 650 S.W.2d at 418–19, and *Deloney v. State*, 734 S.W.2d 6, 10 (Tex.App.—Dallas 1987, pet. ref'd) (aggravated robbery).

Neither *Inman* nor *Deloney*, however, supports the State's argument. The *Inman* court merely held that an employee had actual care, custody, control, or management of his employer's property during an attempted theft of the property. *See Inman*, 650 S.W.2d at 419. Additionally, *Inman*, unlike the present case, did not involve a claim of ownership based upon a greater right to possession. Similarly, *Deloney* held that an employee had a greater right to possession of his employer's money during an aggravated robbery than did the person who took the money. *See Deloney*, 734 S.W.2d at 10. Hence, *Inman* and *Deloney* are not controlling on the issue of whether Hamilton had a greater right to possession of the Camaro than did Porras on May 12, 1991.

The record on appeal contains the following evidence of Hamilton's ownership of the Camaro on May 12, 1991:

- Hamilton testified that the Camaro was stolen January 19, 1990.
- Trooper George S. Sisneros, Jr., testified that the Camaro was stolen January 19, 1990.

- Hamilton testified that his insurance company paid him for the loss of the Camaro three weeks after the car was stolen.
- Trooper Sisneros testified that the insurance company paid Hamilton for the Camaro.
- Hamilton testified that he did not own the car on May 12, 1991.

We conclude that the record before us contains no evidence that Hamilton was an owner of the Camaro on May 12, 1991. Accordingly, we sustain the point of error, reverse the trial court's judgment, and enter a judgment of acquittal.[3]

**2.** The State does not respond to the argument that Hamilton did not have title to the Camaro on May 12, 1991. Nor does the state attempt to rebut the argument that Hamilton did not have possession of the Camaro on May 12, 1991.

**3.** We do not address the issue of the appropriate remedy when we find the evidence insufficient

to support the trial court's determination that the evidence supports appellant's guilt but defers adjudication of guilt. *See* TEX.CODE CRIM. PROC.ANN. art. 42.12 § 5(a) (Vernon 1993). The parties appear to agree that the judgment should either be affirmed or reversed and a judgment of acquittal entered.