NO. 07-99-0248-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 5, 2001


______________________________



STEVEN DEWAYNE EVANS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 38,589-B; HON. SAMUEL C. KISER, PRESIDING


_______________________________



Before QUINN, REAVIS AND JOHNSON, J.J.

 Steven Dewayne Evans (appellant) appeals his conviction for murder. His three
points of error concern a purported denial of his Sixth Amendment right to confront his
accuser, the legal and factual sufficiency of the evidence, and the effectiveness of his
counsel. We affirm. 

Background

 On October 25, 1999, a party was held at Independence Hall in Amarillo, Texas. 
Between 200 to 300 people attended same. During the event, an argument erupted
between Keith Austin (Austin) and the mother of his two children, Shannon Hicks (Hicks). 
The cause of the argument was Hicks' dancing with appellant's brother, Bernard, with
whom she also had a child. In short, Austin was jealous. Thereafter, appellant's sister,
Brenda, approached and exchanged words with Austin. Following this, appellant and
Austin themselves "had words," which words escalated into a physical altercation between
the two. Security personnel intervened and escorted the combatants to the parking lot.

 A number of people were present in the parking lot at the time. Furthermore,
Austin's friend, Edward, wanted to go over and confront appellant. Austin advised him
against it and went back inside the dance hall to retrieve his jacket. Moments passed
before multiple gunshots were heard coming from the parking area in front of the Hall. The
police were notified. Upon their arrival, more gunfire was heard. Investigation then
revealed that Edward had been shot. He later died at the scene.

 The State indicted appellant for murder. A jury of his peers convicted him of the
accusation. Issue One: Confrontation Clause

 Appellant initially argues that the trial court denied him his Sixth Amendment right
to confront his accuser. This allegedly occurred when he attempted to impeach the State's
sole eyewitness, Artrail Tillmon, via a "prior conviction." According to the record, Tillmon
had been indicted for intentionally and knowingly threatening a female with bodily injury
by use of a deadly weapon. Upon his plea of guilty, the adjudication of his guilt was
deferred. Moreover, the status of the prosecution remained the same at the time Tillmon
was called to testify against appellant. (1) Appellant told the court below that he "want[ed]
to use this prior conviction to impeach [Tillmon], especially since he's got [sic] on the stand
now and portrayed himself as a prison officer, and an officer." So too did appellant allege
that he had "a right to use this, since [Tillmon] got a criminal offense to impeach him with." 
The trial court disagreed and prevented him from using the "conviction" because it neither
involved a felony nor a crime of moral turpitude. We overrule the issue.

 As evinced by the circumstances described above, appellant sought to utilize the
"prior conviction" to generally impeach Tillmon's credibility via Texas Rule of Evidence
609. (2) Furthermore, the trial court undoubtedly construed the effort as such because it
concluded that the evidence did not comply with Rule 609. Nowhere did appellant mention
his constitutional right to confront his accusers. Nor did he endeavor to gain admittance
of the evidence (despite Rule 609) by arguing that it purportedly evinced a vulnerable
relationship between Tillmon and the State and, therefore, constituted evidence of bias of
interest. (3)

Instead, his ground was limited to admission via Rule 609 and for the purposes
contemplated by that rule.

 Yet, on appeal, appellant argues that the trial court erred because the evidence was
admissible to show bias or interest despite Rule 609. In other words, appellant attempts
to invoke the vulnerable relationship theory before us without having mentioned it below. 
Having failed to mention it below as a ground supporting admission of the evidence, he
waived it for appellate purposes. Tex. R. App. P. 33.1(a); Broxton v. State, 909 S.W. 2d
912, 918 (Tex. Crim. App. 1995) (holding that the grounds supporting an objection uttered
below must comport with the grounds asserted on appeal).

Issue Two: Insufficiency of the Evidence

 In his second point of error, appellant alleges that the jury's verdict lacked legally
and factually sufficient evidentiary support. We disagree and overrule the point. 

 Standard of Review

 Rather than reiterate the well-settled standards of review applicable to claims of
legal and factual insufficiency, we cite the litigants to Jackson v. Virginia, 443 U.S. 307, 99
S. Ct. 2781, 61 L. Ed.2d 560 (1979); King v. State, 29 S.W.3d 556 (Tex. Crim. App.2000);
Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App.1996); and Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App.1988) for explanations of same. 

 Application of Standard

 Below, Tillmon testified that he saw appellant hold a revolver sideways, point same
at Edward, and shoot. Furthermore, Edward died of gun shot wounds. This constitutes
some evidence upon which a rational jury could conclude beyond a reasonable doubt that
appellant intentionally and knowingly caused the death of Edward by shooting him with a
deadly weapon, as charged in the indictment. Thus, legally sufficient evidence existed to
support the jury's verdict of guilty. 

 That the evidence of guilt was not free of contradiction and that the credibility of
witnesses may have been subject to question does not require us to conclude that the
verdict was factually insupportable. Those circumstances merely resurrected issues for
the jury to resolve. And, based upon our review of the entire record, we cannot say that
the verdict was clearly wrong or manifestly unjust.

Issue Three: Ineffective Assistance of Counsel

 Finally, appellant alleges that his trial counsel was ineffective because counsel
failed to 1) make an offer of proof sufficient to satisfy the predicate for admitting the "prior
conviction" discussed under the first issue and 2) object to the State's final argument
during the guilt-innocence phase.

 Standard of Review

 The standard of review applicable to claims of ineffective counsel is well-settled and
adequately explained in Tong v. State, 25 S.W.3d 707 (Tex. Crim. App. 2000), cert.
denied, __U.S.__, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001), Thompson v. State, 9 S.W.3d
808 (Tex. Crim. App. 1999), Beck v. State, 976 S.W.2d 265, 266 (Tex.App.--Amarillo 1998,
pet. ref'd), and Rodriguez v. State, 955 S.W.2d 171, 176-77 (Tex. App.-Amarillo 1997, no
pet.). We need not reiterate it. 


 Application of Standard

 Proper Predicate

 At the time of trial, precedent existed holding that evidence of a deferred
adjudication was not admissible to show vulnerability to State influence as a possible bias
or motive to lie. Hoyos v. State, 951 S.W.2d 503, 508 (Tex. App.-Houston [14th Dist.]
1997), aff'd 982 S.W.2d 419 (Tex. Crim. App. 1998) quoting, Jones v. State, 843 S.W.2d
487 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 1035 (1993). This precedent was not
nullified until the rendition of Maxwell v. State, 48 S.W.3d 196 (Tex. Crim. App. 2001) in
June of 2001, some two years after trial below. Given this, we cannot fault trial counsel
for omitting to assert a legal argument which contradicted authority existing at the time of
trial. See Vaughn v. State, 931 S.W.2d 564 (Tex. Crim. App. 1996). At the very least,
counsel's omission may have been based on reasonable trial tactic, i.e. the desire to
eschew invoking untenable legal argument and thereby alienating both the court and jury.

 No Objection to Closing Argument

 During its closing argument in the guilt / innocence phase of the trial, the
prosecution stated:

 I will tell you the truth. Without any equivocation, without even one
ounce of waiting, I will tell you, you believe Artrail Tillmon. If you
don't you vote not guilty and you can set this murderer back on the
streets.

 

This comment purportedly evinced an attempt by the prosecutor (through his own unsworn
testimony) to bolster the credibility of Tillmon. As such it was allegedly objectionable, and
because trial counsel did not object, he was ineffective, according to appellant. We
disagree.

 First, assuming the comment was objectionable, we note that the decision to object
to particular statements uttered during closing argument is frequently a matter of legitimate
trial strategy. Hubbard v. State, 770 S.W.2d 31, 45 (Tex. App.-Dallas 1989, writ ref'd). 
Thus, evidence of counsel's strategy, if any, is crucial to determining whether he was
ineffective. Furthermore, nothing of record indicates why counsel at bar withheld
objection. Without such an explanation, we cannot say that the record before us
sufficiently rebuts the strong presumption that counsel exercised reasonable professional
judgment. Thompson v. State, 9 S.W.3d at 808; Beck v. State, supra. 

 Second, and again assuming the comment was objectionable, nowhere does
appellant attempt to illustrate "there [was] a reasonable probability that, but for counsel's
[one supposed] unprofessional error[], the result of the proceeding would have been
different." Tong v. State, 25 S.W.3d at 712. Nor, after reviewing the entire record, can we
say that such a probability existed.

 Accordingly, we affirm the judgment of the trial court.


 Per Curiam




Publish.
1. Given that appellant was granted deferred adjudication, the supposed conviction was not one. That
is, because he had been granted deferred adjudication, he had not been convicted of the offense. So, the
characterization of the charge as a "prior conviction" was inaccurate. However, we use that moniker here
for the sake to clarity. 
2. The rule states that "for purposes of attacking the credibility of a witness," a litigant may tender
evidence that the witness had been "convicted of a crime . . . if elicited from the witness or established by
public record but only if the crime was a felony or involved moral turpitude . . . ." Tex. R. Evid
. 609(a). 
3. The phrase "vulnerable relationship" was coined in Carroll v. State, 916 S.W.2d 494 (Tex. Crim.
App. 1996) and describes a circumstance wherein the witness may be prone to color testimony in favor of
the State in return for leniency viz a pending criminal prosecution. Moreover, if such a circumstance exists,
evidence of same is admissible even though it does not involve a final conviction. Maxwell v. State, 48
S.W.3d 196, 199-200 (Tex. Crim. App. 2001). Finally, as noted in Maxwell and Moreno v. State, 22 S.W.3d
482 (Tex. Crim. App. 1999), evidence that would not be admissible under Rule 609 because the conviction
was neither final, a felony, nor one of moral turpitude could be admissible if it illustrated the requisite
vulnerable relationship. Given this, it is incumbent upon one attempting to gain the admission of evidence
inadmissible under Rule 609 to invoke the vulnerable relationship theory in a manner reasonably informing
the trial court of his reliance upon that theory. 



the system in order to prevent the exercise of his visitation
rights with his daughter rather than the victim’s testimony that appellant placed her hand
on his penis, we cannot say that the jury was not justified in its verdict. In essence, the jury
simply chose to believe a 10 year old rather than appellant. Thus, we conclude that
appellant’s contention that a jury was not justified in believing the victim’s testimony does
not have the persuasive force that appellant believes it does. See Sims, 99 S.W.3d at 603. 
We overrule appellant’s challenge to the factual sufficiency. We overrule appellant’s first
issue.
Ineffective Assistance of Counsel
          When confronted with an ineffective assistance of counsel claim, we apply the
two-pronged analysis set forth by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting Strickland as applicable
standard under the Texas Constitution).
          Under the first prong of the Strickland test, an appellant must show that counsel's
performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that
counsel made errors so serious that counsel was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard,
an appellant "must show that counsel's representation fell below an objective standard of
reasonableness." Id. at 688. Under the second prong, an appellant must show that the
deficient performance prejudiced the defense. Id. at 687. The appropriate standard for
judging prejudice requires an appellant to "show that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Id. at 694. Appellant must prove both prongs of Strickland by a preponderance
of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App.
2000); McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992).
          In this matter, appellant contends that his counsel was ineffective because his
counsel argued for probation when it was not available as an option from the judge upon
conviction. Indecency with a child by sexual contact is a 3g offense. See Tex. Code Crim.
Proc. Ann. art. 42.12 § 3g(a)(1)(C) (Vernon Supp. 2009). Therefore, appellant was not
eligible for judge ordered community supervision upon his conviction. Id. Thus, under the
first prong of Strickland, we concluded that appellant has demonstrated that his
representation was deficient because we cannot say that counsel’s representation meets
an objective standard of reasonableness. See Andrews v. State, 159 S.W.3d 98, 102
(Tex.Crim.App. 2005) (When no reasonable trial strategy can justify trial counsel’s conduct,
counsel’s performance falls below an objective standard of reasonableness as a matter of
law).
          We next review counsel’s representation under the second prong. In judging the
prejudice, appellant must show by a preponderance of the evidence “that there is a
reasonable probability that, but for counsel’s unprofessional error, the result of the
proceeding would have been different.” See Strickland, 466 U.S. at 687. Here, appellant
argues that “had counsel properly urged that the evidence warranted a sentence of
something less than the maximum, the trial court might well have been persuaded to
assess just that. Instead counsel argued for community supervision, which no ‘reasonable
competent attorney would have engaged in for any reason.’” Further appellant contends
in his brief that “[c]ounsel wasted his closing argument in this regard.” Although we agree
that counsel should not have argued for community supervision when it was not available,
we fail to see the logic of counsel’s argument or how counsel “wasted his closing
argument.” From the record, it appears that neither the prosecutor nor the trial court were
cognizant of the fact that community supervision was not an option in this case. Further,
assuming that the trial court erroneously believed that community supervision was
available, appellant has failed to show how the results of the proceedings would have been
different by counsel asking for the minimum available punishment of two years
incarceration. There is no evidence from the record that the trial court would have
assessed punishment any differently had trial counsel for appellant asked for two years
incarceration versus community supervision. Furthermore, the right to effective assistance
of counsel does not mean errorless or perfect counsel whose competency of
representation is to be judged by hindsight. See Robertson v. State, 187 S.W.3d 475, 483
(Tex.Crim.App. 2006). Counsel’s performance is judged by “the totality of the
representation” and “judicial scrutiny of counsel’s performance must be highly deferential”
with every effort made to eliminate the distorting effects of hindsight. Id. Appellant has
not shown by a preponderance of the evidence that there is a reasonable probability that,
but for counsel’s unprofessional error, the result of the proceeding would have been
different. We overrule appellant’s second issue.
Reimbursement of court appointed attorney fees 
          Appellant’s final issue focuses on the assessment of court appointed attorney fees
without a determination by the court of appellant’s ability to pay the fees. Appellant
contends that under article 26.05(g) of the Texas Code of Criminal Procedure, the trial
court must make a determination of whether “a defendant has financial resources to enable
him to offset in part or in whole the cost of the legal services provided.” Tex. Code Crim.
Proc. Ann. art. 26.05(g) (Vernon Supp. 2009). If convicted, the trial court is to assess the
costs of the legal services provided, as court costs, the amount that it finds the defendant
is able to pay. Id. This court has previously determined that the record shall contain such
determination of appellant’s financial resources in order to uphold the assessment of court
appointed attorney fees. See Mayer v. State, 274 S.W.3d 898, 901 (Tex.App.–Amarillo
2008, pet. ref’d). Without evidence to demonstrate appellant’s financial resources to offset
the costs of the legal services, the trial court erred in ordering reimbursement of appointed
fees. Id. Accordingly, we modify the judgment as follows:
          IT IS FURTHER ORDERED that any Fine, Court Costs, Court
Appointed Attorney fees, and Time Payment fee (if applicable) as ordered
herein be paid as follows:

 
shall now read:

          IT IS FURTHER ORDERED that any Fine, Court Costs, and Time
Payment fee (if applicable) as ordered herein be paid as follows:
 
See id. at 901-902 (citing Slaughter v. State, Nos. 2-04-050-CR, 2-04-051-CR, 2005 WL
183142, at *3-*5 (Tex.App.–Fort Worth Jan. 27, 2005, no pet.) (not designated for
publication)) (when trial court imposes an invalid condition in its judgment, the proper
remedy is to reform the judgment by deleting the invalid condition).Conclusion
          Having overruled appellant’s first two issues but having sustained appellant’s final
issue regarding repayment of court appointed attorney fees, we modify the trial court’s
judgment, as identified above, and affirm the judgment as modified.  
 



                                                                           Mackey K. Hancock

                                         Justice







Do not publish.