**Manuel LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–93–00474–CR.**

Court of Appeals of Texas,
El Paso.

April 6, 1995.

Discretionary Review Refused
Aug. 23, 1995.

Daniel Anchondo, Anchondo & Anchondo, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before BARAJAS, C.J., and McCOLLUM and LARSEN, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from a jury conviction for the offense of theft over $20,000. The jury assessed punishment at eight years imprisonment. We reform the judgment to reflect conviction for third-degree felony theft; additionally, we reverse the judgment imposing punishment and remand for another punishment hearing.

In the appellant's sole point of error, he asserts there is insufficient evidence to prove ownership of the property alleged stolen. This is an embezzlement case. The evidence adduced at trial revealed that the appellant worked for Sierra Medical Center in El Paso, Texas. He was the warehouse supervisor in the receiving department. One of the appellant's duties was to verify the documentation regarding deliveries to the hospital. An internal investigation by the chief financial officer of the hospital revealed numerous falsified payments to Richard's Printing—one of the hospital's vendors. During the course of the investigation, the appellant gave a written statement indicating that he received financial kickbacks and gifts from Richard's Printing. He stated that he signed for merchandise that was not received. In return, he would receive cash payments of up to 50 percent of the invoice amount billed by Richard's Printing.

Stephen Gaunt, the security director for Sierra Medical Center, testified that Lucy Moncada, appellant's co-defendant at trial, was employed at Richard's Printing and was the wife of the owner, Ricardo Moncada. Lucy Moncada admitted to Gaunt that she and the appellant came to an understanding where Richard's Printing billed the hospital for items never sent. The appellant would falsify documents to indicate that the items were received in inventory. In turn, the appellant received a portion of the money so obtained from the hospital.

Upon direct examination, Gaunt testified in the following manner:

THE COURT: Tell me what you do for a living?

WITNESS: I'm employed by Sierra Medical Center as director of security.

THE COURT: When were you first hired?

WITNESS: I was hired October of 1990.

. . . . .

STATE: Mr. Gaunt, can you tell us the approximate date when you became an employee of Sierra Medical Center in the security area?

WITNESS: My date of hire, October 31st, 1990.

■ In reviewing the sufficiency of the evidence to support a criminal conviction, we are constrained to view all the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime as alleged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991); *Nevarez v. State*, 847 S.W.2d 637, 643 (Tex.App.—El Paso 1993, pet. ref'd).

■ The offense of theft is proscribed by Tex.Penal Code Ann. § 31.03 (Vernon 1994), which provides in relevant part:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent:

The appellant's theft indictment was aggregated pursuant to Tex.Penal Code Ann. § 31.09 (Vernon 1994).[1] The indictment contained fifteen aggregation paragraphs ranging in date from January 5, 1989 to December 5, 1991. The sum of the amounts alleged in the aggregation paragraphs totaled $20,508.01. The sum of the amounts alleged where the date of the commission of the offense was prior to Gaunt's employment totaled $8,591.56. The appellant asserts that his conviction for theft over $20,000 cannot stand because Gaunt, alleged as the special owner in the indictment, was not employed at the hospital during seven of the dates alleging the date of the commission of the offense in the aggregation paragraphs. Appellant reasons that he can only be guilty of third-degree felony theft.

Tex.Penal Code Ann. § 1.07(a)(35)(A) (Vernon 1994) defines "owner" as a person who:

[H]as title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

■ "Possession" means actual care, custody, control, or management. Tex.Penal Code Ann. § 1.07(a)(39) (Vernon 1994). It is preferred in instances where property alleged stolen is owned by a corporation to allege "special ownership" in a natural person acting for the corporation. *Compton v. State*, 607 S.W.2d 246, 248 (Tex.Crim.App. 1979). The state, once having alleged ownership in either the actual owner or a special owner, then has the burden of proving beyond a reasonable doubt the requisite ownership allegation. *Freeman v. State*, 707 S.W.2d 597, 602 (Tex.Crim.App.1986). The state must establish ownership pursuant to the date of the offense rather than the date of the indictment. *Harris v. State*, 471 S.W.2d 390, 392 (Tex.Crim.App.1971) (opinion on rehearing); *Wilson v. State*, 808 S.W.2d 587, 589–90 (Tex.App.—Dallas 1991), *pet. dism'd, improvidently granted*, 828 S.W.2d 14 (Tex.Crim.App.1992); see also *Porras v. State*, 859 S.W.2d 423 (Tex.App.—Dallas 1993, no pet.).

In the present case, it is clear that the state has failed to establish that Gaunt had title, possession, or a greater right to possession regarding the property alleged stolen for those periods prior to his employment. In fact, Gaunt had no ownership interest prior to October 31, 1990.

■ However, the state maintains that the appellant waived any complaints concerning the sufficiency of the evidence of ownership. In *Freeman*, 707 S.W.2d at 603, the Court of Criminal Appeals stated:

If a 'special owner' of the property testifies without objection that he was the special owner of the property and had the greater right to possession of the property than did the accused, and the accused asserts no possessory interest in the property, then the evidence is clearly sufficient to show that he was the lawful owner of the property.

---

1. When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

The state cites *Short v. State*, 874 S.W.2d 666 (Tex.Crim.App.1994), *Miller v. State*, 667 S.W.2d 773, 774 (Tex.Crim.App.1984), *Brown v. State*, 640 S.W.2d 275, 279 (Tex.Crim.App. 1982), and *Banks v. State*, 662 S.W.2d 616 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd) in support of its waiver proposition. In all these cases, the varying courts held that questions regarding sufficiency of the evidence can be waived for appeal if the testimony at trial tended to establish a factual proposition, the accused had the opportunity to cross-examine, and the accused failed to object to the testimony's adequacy. In the present case, we face a situation where *no evidence* of ownership was established regarding the occurrences prior to October 31, 1990. See *Collins v. State*, 754 S.W.2d 818, 822–23 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Garza v. State*, 841 S.W.2d 19, 23 (Tex.App.—Dallas 1992, no pet.). Accordingly, we find there is insufficient evidence to establish ownership regarding the aforementioned allegations. As the remainder of the allegations are sufficient to constitute third-degree felony theft, under the authority of *Goodwin v. State*, 815 S.W.2d 586, 588 (Tex.Crim.App.1991), we reform the judgment and sentence to reflect conviction of a third-degree felony theft and pursuant to Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1995), remand the cause to the trial court for a new punishment hearing. Point of Error One is sustained.

The judgment is reformed to reflect conviction of third-degree felony theft. We reverse that part of the judgment assessing punishment, and remand the cause to the trial court for a new punishment hearing.

McCOLLUM, J., not participating.