Benjamin **VILLALOBOS**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–95–00374–CR.

Court of Appeals of Texas, El Paso.

Aug. 21, 1997.

---

Tony Chavez, Chavez & Garcia, Odessa, for Appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for State.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## OPINION

CHEW, Justice.

Appellant, Benjamin Villalobos Jr., was convicted by a jury of felony theft of property and assessed 2 years' imprisonment, suspended and probated for 4 years, and a $5,000 fine. His appeal raises two points of error: (1) that there is no evidence of owner-ship as alleged in the indictment; and (2) that the trial court failed to instruct the jurors under which circumstances they could find Appellant "not guilty." We affirm.

The Appellant was the County Commissioner for Precinct One of Ward County. A fellow commissioner, Bill Welch, discovered an unusually large number of auto parts being purchased by Ward County for Precinct One from the Monahans Auto Parts Store (Big A Auto Parts). The resulting criminal investigation revealed that the store invoices submitted to the county were altered to appear as if parts purchased by Appellant were for county vehicles when actually the parts were for other purposes and vehicles.

The State charged the Appellant with theft of auto parts and equipment belonging to the county. The evidence established that the Appellant bought the numerous auto parts at the Monahans Auto Parts store and arranged for the invoices to be altered to appear as if the parts purchased were for Ward County vehicles. The Appellant then presented the altered invoices to Ward County for payment. The Appellant was found guilty on eight aggregated counts of the indictment, each of which alleged that he had "intentionally and unlawfully appropriate[d] property by exercising control over property other than real property ... from Sam Massey, without the effective consent of Sam Massy, the owner thereof, and with intent to deprive said owner of said property." Sam Massey was the County Judge.

At trial, Sam Massey testified that he was the Ward County Judge and that he had held that position since before 1993. He and the Ward County Auditor testified that part of a county judge's responsibilities included checking and approving county purchases. Judge Massey explained that suppliers' bills and invoices would come to his office, and that he reviewed them with the respective commissioner and county auditor before approving them for submission to Commissioners Court for final approval. Judge Massey also testified that he approved the purchases at issue which included a HYD pump, a minilamp, brake hardware, spindle, flaps, and C60 leaf assbly. He averred that had he known the purchase orders were fraudulent,

he would never have approved them. There was also evidence detailing the manner in which Ward County managed and maintained inventories of county property.

In his first point of error, Appellant argues that there is no evidence that Sam Massey owned any of the stolen property. Because he only seeks acquittal rather than a new trial, we construe his complaint as one of legal sufficiency rather than factual sufficiency. Accordingly, our review focuses exclusively on only that evidence which supports the jury's verdict of guilt. *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App.1991); *Lopez v. State*, 899 S.W.2d 300, 302 (Tex. App.—El Paso 1995, pet. ref'd). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, and to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 573 (1979). Viewed in this filtered light, we may only determine whether any rational trier of fact could find the essential elements of the crime as alleged beyond a reasonable doubt. *Id.*; *Lopez*, 899 S.W.2d at 302.

The offense of theft is proscribed by TEX.PENAL CODE ANN. § 31.03 (Vernon 1994), which provides in pertinent part:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owners's effective consent;

" 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor...." TEX.PENAL CODE ANN. § 1.07(a)(35)(A)(Vernon 1994). " 'Person' means an individual, corporation, or association." TEX.PENAL CODE ANN. § 1.07(a)(38). " 'Association' means a government or governmental subdivision...." TEX.PENAL CODE ANN. § 1.07(a)(6). " 'Possession' means actual care, custody, control, or management." TEX.PENAL CODE ANN. § 1.07(a)(39).

■ Statutory terms like "owner" are essentially evidentiary and need not be alleged in the indictment. *Rico v. State*, 707 S.W.2d 549, 557 (Tex.Crim.App.1983). But "[i]t is now axiomatic that the name of the title owner of the property or the lawful possessor of the property from whom it was unlawfully taken must be alleged in the charging instrument." *Freeman v. State*, 707 S.W.2d 597, 602 (Tex.Crim.App.1986). Under TEX.CODE CRIM.PROC.ANN. art. 21.08, ownership may be alleged in the actual owner or a "special owner." *Freeman*, 707 S.W.2d at 602. A "special owner" is an individual who is in custody or control of property belonging to another person. *Harrell v. State*, 852 S.W.2d 521, 523 (Tex.Crim. App.1993). This is also applicable to corporations and governmental entities and when the property referred to in an indictment belongs to an entity, as opposed to a natural person, the preferred pleading practice is to allege "special" ownership in a natural person acting for the entity. See *Lopez*, 899 S.W.2d at 302. This is because entities like corporations, the State, and, in this case, Ward County, cannot testify directly to the theft. *State v. Bartee*, 894 S.W.2d 34, 44–45 (Tex.App.—San Antonio 1994, no pet.); *Walling v. State*, 437 S.W.2d 563, 564 (Tex.Crim. App.1969). Whether the alleged owner has title, possession, or greater right to possession is not a necessary component of the charging instrument. See *Marrs v. State*, 647 S.W.2d 286, 289 (Tex.Crim.App.1983). The State is not required to explain in a theft indictment why a particular person (or entity) was named as owner of the property taken. *Silva v. State*, 635 S.W.2d 775, 779 (Tex.App.—Corpus Christi 1982, pet. ref'd.); *Bartee*, 894 S.W.2d at 44–45.

The question before us therefore is a simple one: Was there any evidence of ownership of the appropriated property in Sam Massey, the person named in the indictment? The answer is unquestionably, "Yes."

■ The three ways ownership can be alleged are that the named owner had (1) title to the property, (2) possession of the property, or (3) a greater right to possession than the defendant.

■ The undisputed evidence in record at bar is that Sam Massey was the County Judge of Ward County during the entire course of the offenses charged. As county judge, he was the presiding member of the Ward County Commissioner's Court, TEX. LOC.GOV'T CODE ANN. § 81.001(a)(Vernon 1988), and as such, had judicial and administrative authority over the affairs and property of Ward County, see TEX. CONST. art. V, § 18; Section 81.001. The evidence is uncontroverted that Ward County was the title owner of the property appropriated by the Appellant. The evidence, both direct and circumstantial, showed Sam Massey in his capacity as the Ward County Judge to be the special owner of the property actually owned by Ward County. Further, the proof clearly shows that Sam Massey, as county judge, also had a greater right of possession than Appellant who was acting unlawfully and outside the scope of his authority. See *Freeman*, 707 S.W.2d at 603. We finally note that the Appellant never asserted any interest in the property, consequently, the testimony of Sam Massey, either as the special owner acting for Ward County, the actual owner, or as an "owner" with a greater right to possession stands uncontroverted. Thus, viewing the evidence in the light most favorable to the verdict, we find that the evidence is legally sufficient for jurors to have found that the State proved the ownership allegations beyond a reasonable doubt. See *id.* at 606; *Jackson v. State*, 672 S.W.2d 801 (Tex. Crim.App.1984). We overrule Appellant's first point of error.

Appellant argues in his second point of error that the trial court erred by failing to tell the jurors under what circumstances they could find Appellant "not guilty." Appellant complains specifically the trial court omitted any instruction on the possibility of acquittal in Section 9 of the jury charge. Section 9 instructs that when the amounts obtained by theft are obtained pursuant to one scheme or continuing course of conduct, the jurors may consider the conduct as one offense and the jury may aggregate the amounts in determining the grade of the offense. TEX.PENAL CODE ANN. § 31.09.

■ The Appellant cites no case law to support this argument; moreover, the record fails to support the complaint. In Section 8 of the charge, the jury is instructed on each individual theft count against Appellant. The instructions provided that if jurors find that the evidence proves the individual theft allegations beyond reasonable doubt, "you will find the Defendant 'Guilty' of this paragraph in the indictment ..., but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the Defendant of this count in the indictment and say ... 'Not Guilty' to this paragraph." Thus, the charge gives the jurors sufficient instruction to find Appellant "not guilty" of the charges against him.

Section 9 does not contain a converse instruction on acquittal, but the trial court instructed the jurors to consider the aggregation element only if they had found Appellant guilty of all the alleged thefts. No instruction on acquittal is needed in Section 9 because the jurors would never get to that instruction unless it has already found Appellant guilty of the individual counts. Appellant's second point of error is overruled.

Having considered and overruled both of Appellant's points of error, we affirm the judgement of the trial court.