# NOS. 12-08-00325-CR
# 12-08-00326-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHESTER KENNEDY,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH  COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Chester Kennedy appeals from his conviction for the offenses of theft and tampering with physical evidence. In two issues, Appellant argues that the evidence is legally and factually insufficient to support the convictions.  We affirm in part and reverse in part.

### BACKGROUND

Appellant was the chief of police for the city of Troup, Texas.  Agents from the Federal Bureau of Investigation and deputies from the Smith County sheriff's office began an investigation that was targeted primarily at Mark Turner, a police officer with the city.  Turner had told an informant that he took marijuana from the evidence being stored at the police department.  The agents and deputies served a search warrant on the police department as part of their investigation.  Appellant was not a suspect at the time.  But he was arrested after admitting to the investigators that he had a pistol and a rifle that he had taken from the police department and that he had let Turner take a thirty pack of beer.

A Smith County grand jury indicted Appellant for five offenses.  For each of the offenses, the indictment alleged that Appellant had appropriated or otherwise mishandled various pieces of evidence or property that had been in the possession of the Troup police department.  Appellant and the State

both waived trial by jury, and the cases were tried to the trial court. The trial court found Appellant guilty of theft of the pistol and guilty of tampering with physical evidence, the beer. The trial court found Appellant not guilty of the three other offenses. The trial court assessed punishment at imprisonment for ten years and a fine of five thousand dollars for each offense. This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In two issues, Appellant argues that the evidence is insufficient to prove that he committed the offenses of theft and tampering with physical evidence.

**Standard of Review**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); *Willis v. State*, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007).

While legal sufficiency review is all that is required by the U.S. Constitution, the Texas Court of Criminal Appeals has determined that the Texas Constitution requires further review of the factual sufficiency of the evidence. *Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex. Crim. App. 1996). Factual sufficiency review differs from legal sufficiency review only slightly. *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). In a factual sufficiency review, we review the evidence without the light most favorable to the verdict and we are authorized, "albeit to a very limited degree," to disagree with the fact finder's resolution of contested factual issues. *See id.*; *Watson v. State*, 204 S.W.3d 404, 414, 417 (Tex. Crim. App. 2006). In a review of the factual sufficiency of the evidence, we will conclude that the evidence is insufficient only if the great weight and preponderance of the evidence contradicts the jury's verdict or the verdict is clearly wrong and manifestly unjust. *See Rollerson*, 227 S.W.3d at 724; *Watson*, 204 S.W.3d at 417.

Under either standard, our role is that of appellate review, and the fact finder is the principal judge of the weight and credibility of a witness's testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111–12

2

(Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To prove theft as alleged here, the State was required to show that Appellant unlawfully appropriated a firearm that came into his custody, possession, or control by virtue of his status as a public servant with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a), (f)(1) (Vernon Supp. 2009). An appropriation is unlawful if it is without the owner's effective consent. TEX. PENAL CODE ANN. § 31.03(b). To prove the tampering with physical evidence as alleged here,[1] the State was required to prove that Appellant, knowing that an offense had been committed, altered, destroyed, or concealed any record, document, or thing, specifically a thirty pack of beer, with the intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to the offense. *See* TEX. PENAL CODE ANN. § 37.09(d)(1) (Vernon Supp. 2009).

## Analysis–Theft

Appellant makes three interlocking arguments with respect to his conviction for theft of the pistol. First, he argues that the pistol was abandoned property. As a consequence, he argues, it could not be the subject of a theft. Furthermore, he asserts that the State did not prove who owned the pistol and so it failed to show that his appropriation of the pistol was unauthorized. Finally, Appellant argues that there was no proof of the intent to deprive the owner of the pistol. Instead, he asserts that he never withheld it from anyone, promptly volunteered to the authorities that he had it, and told them where it was–in a desk drawer in his dining room–despite the fact that they did not know about the pistol.

Personal property is abandoned if the existence and location of the owner of the property is unknown to the holder of the property and, according to the knowledge and records of the holder of the property, a claim to the property has not been asserted or an act of ownership of the property has not been exercised. *See* TEX. PROP. CODE ANN. § 72.101(a) (Vernon Supp. 2009). It appears that the pistol was at the police department when Appellant became chief of police and that it may have been abandoned by its owner. But the evidence was uncontroverted that the pistol, at some time prior to Appellant's exercise of control over it, was in the possession of the City of Troup Police Department.

---

[1] The caption on this indictment read that it charged Appellant with "Tampering with a Government Record." The trial court recognized that a different offense was alleged in the body of the indictment, and decided the case on that basis. Appellant did not object in the trial court, and does not raise an issue related to this on appeal.

3

Therefore, if the property was simply misplaced or lost, the department's possession of the pistol vested it with an interest in the pistol superior to all but the person who had title to the item. *See*, *e.g.*, **Schley v. Couch**, 284 S.W.2d 333, 335 (Tex. 1955). If the property was actually abandoned, the Troup police department, the possessor, would hold title to the property. *See **Ingram v. State***, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.).

Accordingly, whether the pistol had been seized as evidence or was simply lost or mislaid property, the finder of fact could rationally have concluded that the Troup police department had a claim of ownership superior to Appellant's claim. *See* TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (Vernon Supp. 2009) (owner is person who has greater right to property than actor).

Similarly, the State properly proved that Appellant's appropriation of the pistol was unauthorized with the testimony of the mayor of Troup that he did not give Appellant permission to take the pistol. As the State points out, it is permissible to allege an actual person as the owner of an item when it is owned by a government entity. *See **Villalobos v. State***, 951 S.W.2d 232, 234 (Tex. App.–El Paso 1997, no pet.). In ***Villalobos***, the county judge testified that he was the presiding member of the commissioner's court and had judicial and administrative authority over the county's affairs and property. ***Id***. at 235. As the court succinctly noted, like a corporation, a government entity cannot testify except through its representative. ***Id***. at 234. Instead, a "special owner" may testify on behalf of such an entity as to the entity's property interest. ***Id***. at 234–35.

In this case, the mayor of Troup testified that he had a supervisory role over the police department, and that Appellant's appropriation of the pistol was without his consent. This was sufficient evidence to show that Appellant appropriated the pistol without the permission of the owner of the property.

A closer question is presented with respect to proof of Appellant's intent to deprive the owner of the pistol. To "deprive" means to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner, to restore the property only upon payment of reward or other compensation, or to dispose of the property in a manner that makes recovery of the property by the owner unlikely. TEX. PENAL CODE ANN. § 31.01(2) (Vernon Supp. 2009). There is no evidence that Appellant sought a reward or compensation or that he disposed of the pistol. In fact, he told investigators that he gave it to his wife, a reserve police officer, to

4

carry.

Ordinarily, it may be reasonable to conclude that a person who takes an item from his work place to his home and places it in a dining room desk drawer intends to withhold that property permanently. The logical force of this conclusion is stronger when, as here, Appellant did not seem to understand that the pistol was not his own personal property. However, there is a complication. Appellant told the investigators that he had loaned the pistol to his wife, who happened to be a reserve officer with the department. If believed, this evidence could show a contrary intent. As police chief, Appellant handled various pieces of the city's property, including, for example, his duty pistol and the automobile that was provided for him. So too, would he have a duty, limited by whatever restrictions were placed on him by the city, to manage the items abandoned at the police department. It would seem plausible then that he could loan a chattel owned by the city to an employee of the city without necessarily being guilty of stealing that item. For example, a police chief who gives a city issued badge to a police officer employed by the city does not act with the intent to deprive the city of that badge.

But the finder of fact was not bound to accept Appellant's version of events, and the pistol was not found in a location consistent with its being given to Appellant's wife for her official duties. Furthermore, there is no evidence that Appellant obtained permission to give the pistol to anyone, and there is no evidence that he had documented this transfer of the firearm. The finder of fact could have rationally concluded that Appellant did unlawfully appropriate the pistol. Furthermore, we hold that the trial court's conclusion that Appellant unlawfully appropriated the pistol is not against the great weight of the evidence and is not clearly wrong or manifestly unjust. We overrule Appellant's first issue.

**Analysis–Tampering With Physical Evidence**

With respect to the conviction for tampering with physical evidence, Appellant argues that there is no evidence to show that he acted with the specific intent to impair the availability of the beer as evidence.

At issue is a thirty pack of beer that Appellant was charged with destroying with the intent to impair its availability as evidence in any subsequent investigation or official proceeding. The beer came into the custody of the Troup police department when an individual was arrested for "bootlegging," and the police confiscated three or four thirty packs of beer from her vehicle along with some individual

5

beer containers.[2]

The resolution of this issue is controlled by the recent opinion by the Texas Court of Criminal Appeals in *Stewart v. State*, 240 S.W.3d 872 (Tex. Crim. App. 2007).[3] In that case, an inexperienced police officer arrested a suspect who possessed approximately half an ounce of marihuana. *Id*. at 873. The officer talked to the suspect about becoming an informant. After their conversation, and at her request, he returned "one bud" of the marihuana to the suspect. *Id*. The court of criminal appeals reversed his tampering conviction and acquitted Stewart holding that the evidence was insufficient to show his intent. Specifically, the court held that the State must prove that it was Stewart's conscious objective or desire to impair the availability of the evidence and his mere knowledge that such an impairment would occur was insufficient. *Id*. at 874. The court also noted that the remaining marihuana was sufficient to convict the suspect. *Id*. Furthermore, the court determined that the officer's conduct "appear[ed]" to have been motivated by an understanding that the suspect would never be prosecuted for the offense because she would become an informant. *Id*.

In this case, as in *Stewart*, Appellant had to know the evidence would be destroyed or at least unavailable. As in *Stewart*, the only apparent reason for Appellant's action was that he was giving the beer to Turner as a favor. He did not know the suspect and had never reviewed the case file. Furthermore, it is not clear that the City of Troup Police Department was regularly forwarding charges for prosecution, and so Appellant may not have expected the evidence to be necessary.[4]

---

[2] The State argues that Appellant told the police that he gave Turner one or two twelve packs from the thirty pack of beer, leaving only a six pack, and that this shows that the ability to prosecute the case was limited by his actions. It is not clear what the agent understood about the amount of beer seized when he was questioning Appellant or how much beer remained in the police department. At one point during the interview, Appellant agreed with the agent that there is no longer any evidence, but at another time he stated that he can simply replace the beer. Another officer testified that it appeared to him that the thirty packs of beer disappeared from Appellant's office over time. But the focus of the trial was on the single thirty pack that Appellant gave to Turner, and he was not indicted for destroying any of the other beer.

At trial both parties treated the evidence as showing that there were three or four thirty packs seized and that Appellant allowed Turner to take one. It is not necessary to resolve the number of beers that ultimately remained because, for reasons we will discuss, the relevant inquiry is whether Appellant acted with the specific intent to make the evidence unavailable. Whether the destruction of evidence prevented a prosecution can, in the appropriate case, be an indicia of the actor's specific intent, but it is not a requirement of the statute.

[3] The *Stewart* decision was released after the trial in this case, and neither the parties nor the trial court judge had the benefit of being able to apply the opinion in the trial of this case.

[4] The suspect was arrested in September 2005, and Appellant was arrested in March 2006. The case had not been forwarded to the district attorney at that time. There was evidence of another case from 1999 in which a person was arrested for possession of crack cocaine. That case was never forwarded to the district attorney.

The *Stewart* case is difficult to apply to this case with respect to the remaining contraband. The court appears to be saying that there was no evidence of intent to impair the availability of the evidence in that case because the suspect could still be prosecuted with the remaining marijuana. *See Stewart*, 240 S.W.3d at 874. We do not understand the court to be saying that a specific intent to destroy evidence must be shown by a complete destruction of the evidence. Indeed, the statute does not require that all of the evidence against the suspect be destroyed. *See* Tex. Penal Code Ann. § 37.09(d)(1). Nor does the statute require that the offender intend to or actually compromise a prosecution. *Id*.; *but see Williams v. State*, 270 S.W.3d 140, 146 (Tex. Crim. App. 2008) (crack pipe destroyed because it had lost its identity and was not recognizable). Instead, the court appears to be reasoning that the fact that the officer did not destroy all of the evidence was circumstantial evidence of a lack of a specific intent to destroy evidence to make it unavailable for an investigation or proceeding. In other words, the officer in that case would have destroyed, or tried to destroy, all of the evidence if he had the specific intent to destroy evidence to make it unavailable for further proceedings.

This case is more complicated because the amount of beer available is important to a "bootlegging" conviction.[5] There is a presumption in such cases that a person who possesses more than twenty–four twelve ounce bottles of beer has the intent to sell that beer. *See* Tex. Alco. Bev. Code Ann. § 101.32 (Vernon 1995). But with respect to the burden of persuasion, the number of bottles of beer, even beyond the statutory presumption, would be relevant in most prosecutions because a higher number would further reinforce the conclusion that the person intended to sell the beer.

Accordingly, there is some distinction between this case and *Stewart*. Here, the force of any prosecution of the bootlegger would be diminished by there being less contraband to produce as evidence, but that was not the case in *Stewart*. The court in *Stewart* explained in two sentences its conclusion that the evidence in that case was legally insufficient.[6] The first dealt with the issue of the

---

[5] It is a class B misdemeanor to sell alcoholic beverages in a dry area of the state. Tex. Alco. Bev. Code Ann. § 101.31 (Vernon 1995). This offense is occasionally called "bootlegging." *See*, *e.g.*, *Armstrong v. State*, 897 S.W.2d 361, 368 (Tex. Crim. App. 1995) (referring to a prosecution for transportation of liquor as a "bootlegging prosecution").

[6] The two sentences applying the previously stated rules and standard of review are as follows:

> The missing marihuana bud would not have changed the category of the offense, and the remaining marihuana was certainly enough to convict Lavender, if the State was interested in pursuing a prosecution. Indeed, appellant's conduct appears to have been motivated by the belief that Lavender would escape prosecution by becoming an informant, and as a result, the entire quantity of marihuana would be destroyed anyway. [Citations omitted]

7

remaining contraband. *See Stewart*, 240 S.W.3d at 874. In the second sentence, the court credited evidence about the motivation of the officer and concluded that he did not think the suspect would be prosecuted and so it was not his conscious intent to destroy the evidence. *Id*. We think the second sentence is the more important one and that the first sentence merely reinforces the conclusion reached by the court.

The second sentence controls the outcome here. In this case, the State did not present any evidence, circumstantial or direct, by which the finder of fact could ascertain that Appellant had the specific intent to destroy or impair evidence. *See id*. Judge Womack, in dissent in *Stewart*, joined by Judges Price, Johnson, and Keasler, argues that there was evidence of a specific intent to destroy evidence so it would be unavailable for further proceedings in that case because the officer intended precisely that result when he gave the evidence to the arrested person. *See id*. at 875 (Womack, J., dissenting). Judge Womack reasons that the officer may have had other motivations, but that it "seems impossible to deny that his intent began with making the bud of marihuana unavailable as evidence." *Id*. The majority of the court rejected that position. Writing for the majority, Presiding Judge Keller wrote that "[i]t is not enough that appellant *knew* that his action would impair the availability of the marihuana as evidence. He must have *intended* to impair its availability."[7]

The State argues that the "requisite intent" is proved because Appellant "did not believe that the person from whom the evidence was confiscated would avoid prosecution and [Appellant] failed to provide that the tamper–free evidence would support a conviction." This argument is directed at the first sentence in the *Stewart* analysis. It is accurate to state that Appellant's destruction of the evidence, whether he gave away some or most of the beer, would hamper any subsequent prosecution. But this does not show that it was his specific intent, that is his conscious objective or desire, to destroy evidence

---

*Stewart*, 240 S.W.3d at 874.

[7] Because the legislature drafted the tampering statute to require proof that the actor had the specific intent to make destroyed evidence unavailable for further proceedings, the statute does not reach situations where, as here, the actor knows that evidence will be unavailable but there is no evidence that it was his conscious desire for the evidence to be unavailable. A similar situation was presented in *Stewart*. We note that the legislature has met since the *Stewart* decision was released, and it did not act to amend the statute. We further note that the application of a specific intent requirement can lead to serious differences of opinion, especially when the evidence is unsettled as to why a defendant acted. *See*, *e.g.*, *Stewart* (5-4 decision); *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009) (in 5–4 decision, court held that jury could infer kidnapper's specific intent to inflict bodily injury or secret victim despite fact that he released her almost immediately after abducting her).

to make it unavailable for further proceedings.

Here, as in *Stewart*, Appellant knew that the evidence would be unavailable when he allowed another person to take it. The finder of fact was not required to accept Appellant's implied assertion that he did not intend to damage the prosecution or to accept his theory that he could simply replace the beer if the case ever went to trial. And, as in *Stewart*, it appears that Appellant may have committed another crime by giving away the beer, namely theft. But, again as in *Stewart*, there was no evidence or basis on which the trier of fact could conclude that it was Appellant's conscious objective or desire to impair the availability of the beer for an investigation or official proceeding. Accordingly, we hold that the evidence is legally insufficient to support the tampering with evidence charge. We sustain Appellant's second issue.

## DISPOSITION

We *affirm* the judgment of the trial court finding Appellant guilty of theft. Based on *Stewart v. State*, we *reverse* Appellant's conviction for tampering with evidence and *render* a judgment of *acquittal* on that charge.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 23, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

9