

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| VICTOR MANUEL GALLEGOS, | § | No. 08-14-00275-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 7 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20120C01669) |
| | § | |

## **O P I N I O N**

Victor Manuel Gallegos is appealing his conviction of burglary of a vehicle. The State concedes that the evidence is insufficient prove an element of the offense. Finding that the evidence is insufficient to support Gallegos's conviction, we reverse the judgment and render a judgment of acquittal.

## **PROCEDURAL AND FACTUAL SUMMARY**

Gallegos was charged with five misdemeanor offenses alleged to have been committed on June 26, 2011: (1) class-A misdemeanor criminal mischief (cause number 20120C00815); (2) burglary of a vehicle (cause number 20120C00942); (3) burglary of a vehicle (cause number 20120C01669); (4) theft (cause number 20120C01670); and (5) evading arrest (cause number

20120C00778).  Gallegos entered a plea of not guilty to each charge[1] and the cases were tried together before a jury.

The evidence showed that Gallegos and Julio Acosta attempted to enter the Nova Luna bar through a back door used only by bar personnel and band members.  One of the bar's security guards, Fernando Chavez, stopped them and told them they had to enter through the front door and pay the cover charge like everyone else.  Chavez watched Gallegos and Acosta get into their vehicle and drive "crazy" through the parking lot.  The vehicle stopped and one man got out of the car while the other man parked the vehicle.  Acosta walked through the parking lot and checked vehicle doors to see if they were locked.  Chavez continued watching from behind a rock wall, and he saw Acosta take the hubcaps off of a truck while Gallegos acted as a lookout.  Chavez alerted other security personnel at the bar when Gallegos started chasing one of the parking lot attendants.

Deputy Sheriff Juan Munoz was patrolling in the area that evening, and as he drove by Nova Luna, one of the bar's security guards flagged him down.  The security guard told him that two men were trying to break into cars in the parking lot.  Munoz sometimes worked off-duty security at the bar, so he was familiar with the area.  Munoz drove his patrol unit into the parking lot and used a spotlight to find the two men.  Both men ran away when they saw him, and after a brief chase, Munoz caught Acosta and took him into custody.  The bar's security personnel told Munoz that the second subject had run northbound.  Munoz drove his patrol unit toward a nearby business and found Gallegos crouching behind a dumpster, but when Munoz told him not to move, Gallegos jumped over a wall that was six feet in height.  Gallegos ran back towards Nova

---

[1]  The judgment erroneously recites that Gallegos entered a plea of guilty.

Luna with Munoz in pursuit. The bar's security personnel moved toward Gallegos and he stopped running. Munoz caught up to Gallegos and took him into custody.

After securing Acosta and Gallegos, Munoz checked the vehicles in the parking lot and observed that the door to a Ford truck was open. The truck's center console was open and a case for eyeglasses was on the ground next to the truck. Munoz saw that the hubcaps were missing from another truck. Munoz also noticed that a Mazda had damage to the door handle. He located Gallegos's gray Dodge Neon in the parking lot and saw items inside of the car which had been stolen from vehicles in the bar's parking lot.

Gallegos's co-defendant, Acosta, testified for the defense. Like Gallegos, he was charged with five offenses, but he agreed to plead guilty to four of the offenses in exchange for dismissal of one of the cases. Acosta had been placed on probation for fourteen months, and at the time of trial, he had completed his probation and paid all of his fees. Acosta testified that he was driving Gallegos's vehicle that evening because Gallegos was more intoxicated. Acosta admitted that he broke into cars in the Nova Luna parking lot, but he maintained that Gallegos did not assist him in committing the offenses because he "didn't want nothing to do with it."

Gallegos testified that he was extremely drunk that evening and he tried to convince Acosta to stop breaking into cars, but Acosta would not listen to him. He denied acting as a lookout, but he knew that Acosta was putting the stolen property in his car.

The court's charge included an instruction on the law of parties. The jury found Gallegos guilty in all five cases. The trial court sentenced Gallegos to confinement for 365 days in the El Paso County Jail, probated for six months, and "a fine of $300.00 Probated for $0.00."[2]

## SUFFICIENCY OF THE EVIDENCE

In Issue One, Gallegos challenges the legal sufficiency of the evidence proving that Gabriel Sanchez was the owner of the Ford vehicle.[3] The State concedes that there is no evidence supporting the jury's finding that Gabriel Sanchez owned the Ford vehicle at issue in this case. The State's confession of error in a criminal case is important and carries great weight, but it is not binding. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex.Crim.App. 2002). We are required to independently examine the error confessed because the proper administration of the criminal law cannot be left merely to the stipulation of parties. *Id*.

*Standard of Review and Applicable Law*

In reviewing the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895-96 (Tex.Crim.App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Under that well-known standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the jury's finding of guilt beyond a

---

[2] The trial court entered judgments of acquittal in the criminal mischief case (cause number 20120C00815) and in the other burglary case (cause number 20120C00942). The State filed notice of appeal in those two cases (appellate cause numbers 08-14-00271-CR and 08-14-00272-CR).

[3] Gallegos filed a single brief in cause numbers 08-14-00274-CR, 08-14-00275-CR, and 08-14-00276-CR raising a total of six issues. Issues One and Three are the only issues pertinent to this appeal.

reasonable doubt. *Brooks*, 323 S.W.3d at 894-95 (citing *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789). The trier of fact is the sole judge of the weight and credibility of the evidence, and we must presume that the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *See* TEX.CODE CRIM.PROC.ANN. art. 38.04 (West 1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014). Further, we are not permitted to reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010). Our task is to determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

A person commits burglary of a vehicle if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft. TEX.PENAL CODE ANN. § 30.04(a)(West 2011). The State is required to allege the name of the owner of the vehicle property. TEX.CODE CRIM.PROC.ANN. arts. 21.08, 21.09 (West 2009).[4] When the State alleges ownership in the actual owner or a special owner, it has the burden of proving beyond a reasonable doubt the ownership allegation. *Freeman v. State*, 707 S.W.2d 597, 603 (Tex.Crim.App. 1986); *Lopez v. State*, 899 S.W.2d 300, 302 (Tex.App.--El Paso 1995, pet. ref'd). Further, the State is required to prove that the person alleged in the charging instrument as the owner is the same person as shown by the evidence. *See Byrd v. State*, 336 S.W.3d 242, 252 (Tex.Crim.App. 2011).

*No Evidence of Ownership*

---

[4] Article 21.09 states the requirements for an indictment, but the rules pertaining to allegations in an indictment and the certainty required also apply to an information. TEX.CODE CRIM.PROC.ANN. art. 21.23 (West 2009).

The information alleged that Gallegos, without the effective consent of the vehicle's owner, Gabriel Sanchez, intentionally and knowingly broke into and entered a Ford vehicle, with intent to commit theft. As observed by the State, there is no evidence in the record that Gabriel Sanchez owned the Ford vehicle as alleged in the information. We conclude that the evidence is legally insufficient to support Gallegos's conviction of burglary of a vehicle in cause number 20120C01669. We sustain Issue One, reverse the judgment of conviction, and render a judgment of acquittal. It is unnecessary to address Issue Three.

STEVEN L. HUGHES, Justice

December 9, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)